UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X        Civil Action No.
SEVERINO JIMENEZ,

                                    Plaintiff,                            **COMPLAINT**

         -against-

2050 VALENTINE AVENUE LLC, CHESTNUT
HOLDINGS OF NEW YORK, INC., JONATHAN
WIENER, BEN RIEDER and FIDEL HERERRA,

                                    Defendants.
-----------------------------------------------------------------X

         Plaintiff, by his attorneys, Bell Law Group, PLLC, complaining of Defendants, respectfully

alleges, upon information and belief, the following:

## NATURE OF THE ACTION

         1.       This action is brought by Plaintiff pursuant to the Fair Labor Standards Act

("FLSA"), New York Labor Law ("NYLL"), New York State Human Rights Law ("NYRSHRL")

and New York City Human Rights Law ("NYCHRL"), to seek redress against Defendants for the

failure during Plaintiff's employment to provide Plaintiff with any wages including overtime

wages for hours worked in excess of forty (40) hours per week, for the failure to provide wage

payment statements and legal notice at the time of hiring indicating Plaintiff's hourly rate of pay,

for the denial of a reasonable accommodation based upon Plaintiff's disability, and termination of

Plaintiff's employment based upon Plaintiff's age and disability.

         2.       Defendants are the owners and/or operators of a residential apartment building

located at 2050 Valentine Avenue, Bronx, New York 10457. Plaintiff worked for Defendants at

the aforesaid premises as a building maintenance worker from in or around 2016 through June 19,

2021. Throughout Plaintiff's employment, Plaintiff worked 7:00 a.m. to 4:00 p.m., Monday

through Friday, and 7:00 a.m. to 12:00 p.m., Saturday and Sunday, for an approximate total of fifty-nine (59) hours per week. Plaintiff was paid at an hourly rate of $15.00 per hour during Plaintiff's employment. However, each week Plaintiff was only paid for the first forty (40) hours worked for an approximate total of $600.00, and Plaintiff did not receive any wages, much less overtime wages, for any of Plaintiff's hours worked in excess of forty (40) hours per week. Furthermore, Plaintiff was not provided with proper wage payment statements reflecting the accurate number of hours worked per week or a wage theft prevention act notification at the time of hiring indicating Plaintiff's hourly rate of pay.

3.     In addition, for several years during his employment Plaintiff suffered from a severe hernia. Due to worsening and increasing severity of the condition, Plaintiff, then seventy (70) years old, was scheduled to undergo surgery on July 5, 2021. In anticipation thereof, on two occasions in June 2021, Plaintiff requested a reasonable accommodation of medical leave for the date of the surgery and a temporary period of recovery thereafter. Both of Plaintiff's requests were denied by Defendants without reason. Significantly, Plaintiff was then terminated on June 29, 2021, less than one week from the date of the surgery, without any explanation provided. Following the termination, Plaintiff was advised by his supervisor that Defendants stated that they terminated Plaintiff's employment because they believed Plaintiff was "too old for the job".

## PARTIES

4.     Plaintiff was and still is a resident of the County of Bronx, State of New York.

5.     Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.*; NYLL, N.Y. Lab. Law § 160 *et seq.*; NYSHRL, N.Y. Exec. Law § 290 *et seq.*; and the NYCHRL, N.Y.C. Admin. Code § 8-107 *et seq.*

6.      Defendant 2050 Valentine Avenue LLC was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York.

7.      Defendant Chestnut Holdings of New York, Inc. was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant Jonathan Wiener was and still is a resident of the State of New York.

9.      Defendant Jonathan Wiener was and still is an officer, principal and/or manager of Defendants 2050 Valentine Avenue LLC and Chestnut Holdings of New York, Inc.

10.     Defendant Jonathan Wiener was and still is in active control and management of Defendants 2050 Valentine Avenue LLC and Chestnut Holdings of New York, Inc., regulated the employment of persons employed by the corporate Defendants, acted directly and indirectly in the interest of corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

11.     Defendant Ben Rieder was and still is a resident of the State of New York.

12.     Defendant Ben Rieder was and still is an officer, principal and/or manager of Defendants 2050 Valentine Avenue LLC and Chestnut Holdings of New York, Inc.

13.     Defendant Ben Rieder was and still is in active control and management of Defendants 2050 Valentine Avenue LLC and Chestnut Holdings of New York, Inc., regulated the employment of persons employed by the corporate Defendants, acted directly and indirectly in the interest of corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

14.     Defendant Fidel Herrera was and still is a resident of the State of New York.

15.     Defendant Fidel Herrera was and still is an officer, principal and/or manager of Defendants 2050 Valentine Avenue LLC and Chestnut Holdings of New York, Inc.

16.     Defendant Fidel Herrera was and still is in active control and management of Defendants 2050 Valentine Avenue LLC and Chestnut Holdings of New York, Inc., regulated the employment of persons employed by the corporate Defendants, acted directly and indirectly in the interest of corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

17.     Defendants are covered employers within the meaning of the FLSA, NYLL, NYSHRL and NYCHRL, and, at all relevant times, employed Plaintiff.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

19.     This Court has supplemental jurisdiction of the claims arising under the NYLL, NYSHRL and NYCHRL pursuant to 28 U.S.C. § 1367, in that the New York State and New York City law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

20.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PLAINTIFF'S FACTUAL ALLEGATIONS

21.     Defendants are the owners and/or operators of a residential apartment building located at 2050 Valentine Avenue, Bronx, New York 10457.

22.     Plaintiff worked for Defendants at the aforementioned premises as a maintenance worker from in or around 2016 through June 29, 2021.

23.     As a maintenance worker, Plaintiff's duties included without limitation roofing, mopping, cleaning, garbage take out and performing repairs and maintenance around the premises.

<u>Wage and Hour Violations</u>

24.     Throughout Plaintiff's employment, Plaintiff worked 7:00 a.m. to 4:00 p.m., Monday through Friday, and 7:00 a.m. to 12:00 p.m., Saturday and Sunday, for an approximate total of fifty-five (55) hours per week.

25.     Plaintiff did not receive any lunch breaks during his employment and/or breaks in excess of twenty (20) minutes.

26.     No time keeping system was utilized by Defendants to record or track Plaintiff's hours worked.

27.     Plaintiff was paid at a rate of $15.00 per hour during Plaintiff's employment.

28.     Plaintiff was paid $15.00 per hour for only the first forty (40) hours worked per week for an approximate total of $600.00 per week.

29.     Plaintiff did not receive any wages, including overtime wages at one and one-half times Plaintiff's regular hourly rate, for any of the hours Plaintiff worked in excess of forty (40) hours per week.

30.     Moreover, Plaintiff was not provided with a notice at the time of hiring indicating Plaintiff's hourly rate of pay nor was Plaintiff provided with proper wage payments each week reflecting the number of hours worked.

31.     At all relevant times, Defendant Jonathan Wiener was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or

5

disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at 2050 Valentine Avenue, Bronx, New York 10457.

32.     At all relevant times, Defendant Ben Rieder was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at 2050 Valentine Avenue, Bronx, New York 10457.

33.     At all relevant times, Defendant Fidel Herrera was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at 2050 Valentine Avenue, Bronx, New York 10457.

34.     At all relevant times, Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

35.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. and New York State Department of Labor.

36.     At all relevant times, non-exempt employees are required to be paid for each hour an employee is suffered or permitted to work pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and NYLL, N.Y. Lab. Law §§ 191, 650 *et seq.* and 12 NYCRR § 142 *et seq.*

37.     At all relevant times, Plaintiff was a non-exempt employee required to be paid wages for each hour worked for Defendants.

38.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff the full amount of wages Plaintiff was entitled to for Plaintiff's complete hours worked in violation of the FLSA and NYLL.

39.     Plaintiff was entitled to be paid at least one and one-half times Plaintiff's regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA, 29 U.S.C § 207 and NYLL, 12 NYCRR § 142-2.2.

40.     Throughout the majority of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

41.     At no time during the relevant period was Plaintiff paid overtime wages of one and one-half times Plaintiff's regular hourly work rate of pay for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

42.     At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to N.Y. Lab. Law § 195(3).

43.     At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to N.Y. Lab. Law § 195(1).

44.     During Plaintiff's employment, Plaintiff was not provided with a notice of Plaintiff's rate of pay and/or was not provided with proper wage payment wage statements in violation of the NYLL.

7

<u>Disability and Age Discrimination</u>

45.     In or around 2019 Plaintiff developed a severe medical condition of a hernia. Upon information and belief, this condition was caused and/or contributed to by Plaintiff's performance of physical work duties for Defendants.

46.     Due to worsening of this condition, Plaintiff was scheduled to undergo surgery on July 5, 2021.

47.     In or around June 2021, Plaintiff submitted two separate requests for a reasonable accommodation of a reasonable period of medical leave to Defendants for the date of surgery and for post-surgery recovery.

48.     Both of these requests for a reasonable accommodation were denied by Defendants without reason.

49.     No attempt was made by Defendants to engage in a good faith interactive process with Plaintiff regarding Plaintiff's request.

50.     In fact, less than one week prior to Plaintiff's scheduled surgery, Plaintiff was terminated on June 29, 2021, by Defendant Fidel Herrera without explanation.

51.     At all relevant times, Plaintiff was approximately seventy (70) years old at the time of the termination.

52.     Significantly, upon speaking with his supervisor, Raphy Sanchez, following the termination, Plaintiff was advised that the basis for Plaintiff's termination was that Defendants stated Plaintiff was "too old for the job".

53.     The sole reasons for Plaintiff's termination were Plaintiff's age and disability.

54.     But for Plaintiff's age and disability Plaintiff would not have been terminated.

55.     Due to the foregoing, Plaintiff was caused to suffer extreme emotional distress, mental anguish, psychological trauma, anxiety, depression, humiliation, and was caused to suffer lost wages that continues through present.

### AS AND FOR THE FIRST CAUSE OF ACTION
(*Unpaid Wages FLSA*)

56.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

57.     At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e).

58.     At all relevant times, Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

59.     As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

60.     At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

61.     At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

62.     At all relevant times, Defendants were required to compensate employees for all hours suffered or permitted to work pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

63.     Defendants have violated FLSA by failing to compensate Plaintiff for the full number of hours Plaintiff was required or permitted to work.

64.     As a result of Defendants' violations of the law and failure to pay Plaintiff wages for the full number of hours worked, Plaintiff has been damaged and is entitled to recover from

Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to the FLSA, 29 U.S.C. § 216(b).

65.    Defendants willfully, knowingly and intentionally failed to compensate Plaintiff the full wages to which Plaintiff was entitled.

66.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

67.    Due to Defendants' intentional and willful failure to pay Plaintiff wages for the full number of hours worked, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to the FLSA, 29 U.S.C. § 216(b).

**AS AND FOR THE SECOND CAUSE OF ACTION**
*(Overtime Under the FLSA)*

68.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

69.    At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

70.    Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

71.    The work performed by Plaintiff was non-exempt work, as that term is used and defined in the United States Department of Labor's regulations promulgated under the FLSA.

72.    Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout Plaintiff's employment.

73.     At no time did Defendants pay Plaintiff a rate of one and one-half times Plaintiff's regular hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

74.     Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours a week.

75.     As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

76.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE THIRD CAUSE OF ACTION
### (*Unpaid Wages NYLL*)

77.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

78.     At all relevant times, Plaintiff was an employee and Defendants were Plaintiff's employers within the meaning of N.Y. Lab. Law §§ 190, 651 and 652.

79.     At all relevant times, Defendants were required to compensate employees for all hours suffered or permitted to work pursuant to N.Y. Lab. Law §§ 191, 650 *et seq*. and 12 NYCRR § 142 *et seq*.

80.     Defendants have violated NYLL by failing to compensate Plaintiff for the full number of hours Plaintiff was required or permitted to work.

81.     As a result of Defendants' violations of the law and failure to pay Plaintiff wages for the full number of hours worked, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to N.Y. Lab. Law §§ 198 and 663.

82.     Defendants willfully, knowingly and intentionally failed to compensate Plaintiff the full wages to which Plaintiff was entitled.

83.     Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

84.     Due to Defendants' intentional and willful failure to pay Plaintiff wages for the full number of hours worked, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Overtime Under the NYLL)*

85.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

86.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

87.     Pursuant to N.Y. Lab. Law § 650 *et seq.* and 12 NYCRR § 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

88.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the New York State Department of Labor's regulations promulgated under the NYLL.

89.     Plaintiff was entitled to be paid one and one-half times Plaintiff's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

90.     Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout Plaintiff's employment.

91.     At no time did Defendants pay Plaintiff a rate of one and one-half times Plaintiff's regular hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

92.     Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's regular hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

93.     As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.2.

94.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Pay Rate Notice N.Y. Lab. Law § 195(1))*

95.     Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

96.     N.Y. Lab. Law § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

97.     Defendants failed to furnish such a statement to Plaintiff in violation of N.Y. Lab. Law § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by N.Y. Lab. Law § 195(1).

98.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

99.     As Defendants failed to provide Plaintiff with proper a proper notice under N.Y. Lab. Law § 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

## AS AND FOR THE SIXTH CAUSE OF ACTION
*(Wage Statements N.Y. Lab. Law § 195(3))*

100.     Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

101.     Pursuant to N.Y. Lab. Law § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

14

102.    Defendants failed to furnish accurate wage statements to Plaintiff in violation of N.Y. Lab. Law § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of Plaintiff's full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by N.Y. Lab. Law § 195(3).

103.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

104.    As Defendants failed to provide proper wage payment statements under N.Y. Lab. Law § 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000.00, together with attorneys' fees, costs and interest.

### AS AND FOR THE SEVENTH CAUSE OF ACTION
(*NYSHRL Disability Discrimination*)

105.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

106.    At all relevant times, Plaintiff was Defendants' employee and Defendants were Plaintiff's employer as defined by the NYSHRL, N.Y. Exec. Law § 290 *et seq*.

107.    Pursuant to the NYSHRL, N.Y. Exec. Law § 296, it is unlawful for an employer because of an individual's disability to "discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment."

108.    Defendant committed adverse acts against Plaintiff based upon Plaintiff's disability, including denying Plaintiff a reasonable accommodation and terminating Plaintiff's employment.

109.    The basis or motivating factor for these adverse acts was Plaintiff's disability.

15

110.    But for Plaintiff's disability, Plaintiff would not have been terminated.

111.    Defendants' unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

112.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost income, lost future earnings, severe emotional distress, mental anguish, psychological trauma, anxiety, depression, humiliation.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
*(NYCHRL Disability Discrimination)*

113.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

114.    At all relevant times, Plaintiff was an employee of Defendants and Defendants were Plaintiff's employer as defined by the NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.*

115.    At all relevant times, Plaintiff was a disabled employee within the meaning of the NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.*

116.    Pursuant to the NYCHRL, N.Y.C. Admin Code § 8-107, it is unlawful for an employer based upon the disability of any person to "discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment".

117.    Defendants committed adverse acts against Plaintiff based upon Plaintiff's disability, including denying Plaintiff's request for a reasonable accommodation and terminating Plaintiff's employment.

118.    The basis or motivating factor for these adverse acts was Plaintiff's disability.

119.    But for Plaintiff's disability, Plaintiff would not have been terminated.

16

120.    Defendants' unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

121.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost income, severe emotional distress, mental anguish, psychological trauma, anxiety, depression, humiliation.

## AS AND FOR THE NINTH CAUSE OF ACTION
(*NYSHRL Age Discrimination*)

122.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

123.    At all relevant times, Plaintiff was Defendants' employee and Defendants were Plaintiff's employer as defined by the NYSHRL, N.Y. Exec. Law § 290 *et seq*.

124.    At all relevant times, Plaintiff was a protected employee based upon age within the meaning of the NYSHRL, N.Y. Exec. Law § 290 *et seq*.

125.    Pursuant to the NYSHRL, N.Y. Exec. Law § 296, it is unlawful for an employer because of an individual's age to "discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment."

126.    Defendants committed adverse acts against Plaintiff based upon Plaintiff's age, including terminating Plaintiff's employment.

127.    The basis or motivating factor for these adverse acts was Plaintiff's age.

128.    But for Plaintiff's age, Plaintiff would not have been terminated.

129.    Defendants' unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

130.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost income, lost future earnings, severe emotional distress, mental anguish, psychological trauma, anxiety, depression, humiliation.

### AS AND FOR THE TENTH CAUSE OF ACTION
(*NYCHRL Age Discrimination*)

131.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

132.    Plaintiff was an employee of Defendants and Defendants were Plaintiff's employer as defined by the NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.*

133.    At all relevant times, Plaintiff was a protected employee based upon age within the meaning of the NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.*

134.    Pursuant to the NYCHRL, N.Y.C. Admin Code § 8-107, it is unlawful for an employer based upon the age of any person to "discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment".

135.    Defendants committed adverse acts against Plaintiff based upon Plaintiff's age, including terminating Plaintiff's employment.

136.    The basis or motivating factor for these adverse acts was Plaintiff's age.

137.    But for Plaintiff's age, Plaintiff would not have been terminated.

138.    Defendants' unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

18

139.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, in form including, but not limited to, lost income, lost future earnings, severe emotional distress, mental anguish, psychological trauma, anxiety, depression, humiliation.

**WHEREFORE**, Plaintiff seeks the following relief:

A.  On the First Cause of Action on behalf of Plaintiff against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B.  On the Second Cause of Action on behalf of Plaintiff against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C.  On the Third Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D.  On the Fourth Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E.  On the Fifth Cause of Action on behalf of Plaintiff against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an

amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

F.  On the Sixth Cause of Action on behalf of Plaintiff against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G.  On the Seventh Cause of Action on behalf of Plaintiff against Defendant, for all compensatory damages, punitive damages, lost wages, future lost wages, together with all attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

H.  On the Eighth Cause of Action on behalf of Plaintiff against Defendant, for all compensatory damages, punitive damages, lost wages, future lost wages. together with all attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

I.  On the Ninth Cause of Action on behalf of Plaintiff against Defendant, for all compensatory damages, punitive damages, lost wages, future lost wages, together with all attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

J.  On the Tenth Cause of Action on behalf of Plaintiff against Defendant, for all compensatory damages, punitive damages, lost wages, future lost wages, together with

all attorneys' fees, costs and interest, in an amount to be determined by this Court but

greater than the jurisdictional minimum;

K.  Such other and further relief as is just and proper.

Dated: Syosset, New York
       August 9, 2022

Respectfully submitted,
BELL LAW GROUP, PLLC


By: */s/ Matthew Madzelan*_____
Matthew Madzelan, Esq.
*Attorneys for Plaintiff*
116 Jackson Avenue
Syosset, New York 11791
(516) 280-3008
Matthew.M@Belllg.com