

**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

October 11, 2023

<u>*Via ECF*</u>
The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17D
New York, NY 10007

                                         **Re: *Jimenez v. 2050 Valentine Avenue LLC***
                                         **Civil Docket No.: 22-cv-6753 (JLR)**

Dear Judge Parker:

      We represent Plaintiff, Severino Jimenez ("Plaintiff"), in the above-referenced matter. This letter is jointly submitted pursuant to the Fair Labor Standards Act (FLSA) and the Second Circuit's decision in <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2nd Cir. 2015) for approval of the settlement agreement in this action and dismissal of this case with prejudice. In accordance therewith, annexed hereto as ***Exhibit "A"*** is a copy of the Settlement Agreement ("Agreement") and annexed hereto as ***Exhibit "B"*** is Plaintiff's Attorneys' Fees Affirmation and Billing Summary.

                                               **I.**       <u>**Introduction**</u>

      Plaintiff commenced this action on August 9, 2022, against 2050 Valentine Avenue LLC, Chestnut Holdings of New York, Inc., Jonathan Wiener, Ben Rieder and Fidel Herrera ("Defendants"), asserting claims under the FLSA, New York Labor Law ("NYLL"), New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") for allegations of unpaid overtime wages, disability discrimination, age discrimination and failure to receive certain notices and statements. (Dckt. No. 1). An amended complaint was filed on June 6, 2023, adding claims of minimum wage allegations and removing Plaintiff's claims of disability discrimination. (Dckt. No. 43).

      Following an extensive investigation, exchange of discovery, arm's length negotiations between experienced counsel in which each discussed the strengths and weaknesses of the case, a mediation held with Judah Greenblatt, Esq. on December 7, 2022, and a settlement conference

held with Your Honor on August 21, 2023, the Parties agreed, pursuant to Your Honor's recommendation and subject to Court approval, to resolve this action.

Under the terms of the Agreement, a total settlement amount of $45,000.00 shall be provided for the resolution of this action. The settlement shall be apportioned $28,235.62 to Plaintiff and $16,764.39 to Plaintiff's Counsel for attorneys' fees and expenses ($14,999.99 for attorneys' fees and $1,764.40 for expenses). As set forth more fully herein, the settlement satisfies the criteria for approval of under the FLSA, 29 U.S.C. §§ 201, *et seq.*, because it resolves a *bona fide* dispute, and is fair, reasonable, and adequate.

## II.    Bona Fides of the Dispute

### A. Plaintiff's Allegations

The following is a summary of Plaintiff's allegations from the amended complaint. Plaintiff worked for Defendants as a maintenance worker at Defendants' residential apartment building located at 2050 Valentine Avenue, Bronx, New York 10457. (Am. Compl., Dckt. No. 43, ¶ 21-22). During his employment, Plaintiff worked 7:00 a.m. to 5:00 p.m. with a one-hour lunch break, Monday through Friday, and 7:00 a.m. to 12:00 p.m., Saturday and Sunday, for an approximate total of fifty-five (55) hours per week. (Id. at ¶ 24). Plaintiff was paid a flat weekly salary that ranged from $450.00 to $610.00 per week. (Id. at ¶ 26). Based upon the foregoing, it was asserted that Plaintiff was not paid the required minimum wage rate and was not provided with overtime wages. Additionally, Plaintiff asserted that Defendants terminated Plaintiff's employment based upon Plaintiff's age.

### B. Defendants' Defenses

Defendants were prepared to offer evidence to challenge the extent to which Plaintiff worked overtime hours, if at all, including disciplinary records, communications from tenants of the building located at 2050 Valentine Avenue and cellular phone records. Such evidence would also serve to challenge Plaintiff's minimum wage claim. As for Plaintiff's allegations of age discrimination, Defendants were prepared to file a summary judgment motion to dismiss that claim due to the indicia of an absence of any discriminatory motive behind the termination of Plaintiff's employment, including the facts that (a) Plaintiff was 66 years old at the time he was hired and therefore *well within* the protected class (age 40 and above) at that time, (b) the "same actor" both hired and fired Plaintiff, and (c) the individual who terminated Plaintiff's employment was 62 years old at that time, and therefore also within the protected class when he terminated Plaintiff's employment.

### C. Settlement

Given these significant factual and legal disputes, and to avoid the risk and uncertainty of continued litigation and increasing expenses, the Parties agreed to resolve this matter for $45,000.00. It is estimated that Plaintiff's maximum wage recovery range should he prevail at trial could potentially be $70,505.13, plus liquidated damages, attorneys' fees, costs and interest. However, should Defendants prevail as to their defenses asserting that Plaintiff worked

substantially less hours than Plaintiff alleged and that Plaintiff did not report his overtime hours worked to Defendants, Plaintiff may receive a significantly lower recovery than Plaintiff's damages estimates or may not receive any recovery. As such, a settlement of $45,000.00 provides payment of a substantial portion of Plaintiff's overtime wage claims as well as provides for attorneys' fees and costs. Accordingly, the Parties respectfully request that Your Honor approve the FLSA settlement and dismiss this action.

### III.     Legal Principles

Pursuant to the Second Circuit's holding in Cheeks v. Freeport Pancake House, Inc., "dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." 796 F.3d 199, 206 (2nd Cir. 2015). In order to obtain such approval, the parties must satisfy the Court that their agreement is "fair and reasonable." Velasquez v. Safi-G, Inc., 137 F.Supp.3d 582, 584 (S.D.N.Y 2015).

When evaluating the fairness of a settlement, there is "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Factors considered in determining the fairness of the settlement include without limitation the following: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

  A. The Proposed Settlement Should Be Approved

The attached proposed Agreement warrants approval as it is fair, reasonable, and adequate. Indeed, the Agreement reflects a reasonable compromise of Plaintiff's claims rather than a mere waiver of statutory rights brought about by Defendants' alleged violations of the FLSA and NYLL. Pursuant to the terms of the Agreement, Defendants are paying $45,000.00 to resolve Plaintiff's claims. Considering the numerous risks in this case, including the risk of no recovery, Plaintiff's Counsel believes that this settlement is a very strong result for the Plaintiff, and it should be approved as fair. See Meigel v. Flowers of the World, NYC, Inc., 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012).

Plaintiff is represented by experienced counsel and the settlement amount constitutes a substantial portion of what Plaintiff may be entitled to should he prevail at trial. Likewise, Defendants are represented by experienced counsel well-versed in employment law and who presented strong legal defenses based upon the facts. Therefore, the arm's length bargaining between the represented parties weighs in favor of finding a settlement reasonable. The Parties engaged in the exchange of discovery and gathered sufficient information to permit them to assess the strengths and weaknesses of the asserted claims and their respective positions. See, e.g., Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("[i]n considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects

a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.") (internal citations omitted); Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement") (internal citations omitted).

Approving the settlement of this matter now will avoid incurring the additional costs of litigation on both sides, and, as Plaintiff no longer associates with Defendants, coercion is unlikely. See, e.g., Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); Cisneros v. Schnipper Rest. LLC, 2014 U.S. Dist. LEXIS 2111, 2-3 (S.D.N.Y. Jan. 8, 2014) ("[a]lthough the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here.") (internal citation omitted); Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 U.S. Dist. LEXIS 130357, 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011); Brown v. Mustang Sally's Spirits & Grill, Inc., 2013 U.S. Dist. LEXIS 13482 (W.D.N.Y. Jan. 30, 2013).

Furthermore, no factors weigh against allowing the settlement to proceed as requested because: a) Plaintiff has not identified "the presence of other employees situated similarly to the claimant" or of some industry wide practices; b) Defendants explicitly deny any wrongdoing; and c) continuing to develop the record will only serve to enlarge costs on both sides and not serve any useful purpose in light. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

The terms of the Agreement are in accordance with Cheeks' admonitions relating to non-economic terms: it has been publicly filed for the purpose of judicial review for fairness, and it does not contain any confidentiality or non-disparagement provisions. While the agreement contains a general release, Plaintiff has asserted claims of age and disability discrimination in this action and Plaintiff has agreed to resolve such claims as part of the settlement. Lewis v. GB Sneakers Inc., 2023 U.S. Dist. LEXIS 11504, *3 (E.D.N.Y. Jan. 20, 2023) (finding that "the general release in this case is appropriate in order to resolve the other claims, which were explicitly negotiated, along with the wage and hour claims").

### B.  The Attorneys' Fees Are Fair and Reasonable

Lastly, the Parties agree that the agreed-to amount is a reasonable compromise of all Parties' positions and the proposed settlement regarding attorney fees is also fair and reasonable, as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by Plaintiff. Indeed, Plaintiff's attorneys' fees are far in excess of the recovery herein and Counsel's agreement to resolve Plaintiff's attorneys' fees on a contingency basis rather than a separate fee application were made in a good faith effort to reach a resolution of the claims. See Wolinsky, 900 F. Supp. 2d at 336-37; Cisek v Natl. Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21,2013)

(amount of fees "is of little consequence' when fees are consensual") (internal citation omitted); see also Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013).

## IV.    Conclusion

As demonstrated above, the settlement is a result of negotiations and compromise by the Parties. The Parties believe the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the attached Settlement Agreement and dismiss the action.

Respectfully submitted,

/s/ *Matthew Madzelan*
Matthew Madzelan, Esq.