UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SEVERINO JIMENEZ,

                Plaintiff,

 -against-

2050 VALENTINE AVENUE LLC, CHESTNUT
HOLDINGS OF NEW YORK, INC., JONATHAN
WIENER, BEN RIEDER and FIDEL HERRERA,

                Defendants.
------------------------------------------------------------------x

Civil Action No.: 1:22-cv-6753

Hon. Jennifer L. Rochon, U.S.D.J.

Hon. Katharine H. Parker, U.S.M.J.

## NEGOTIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE

      Plaintiff Severino Jimenez ("Plaintiff") on the one hand, and 2050 Valentine Avenue LLC, Chestnut Holdings of New York, Inc., Jonathan Wiener, Ben Rieder and Fidel Herrera (collectively, "Defendants," and together with Plaintiff, the "Parties") on behalf of the "Releasees" as defined below on the other hand, desire to settle and resolve fully all of Plaintiff's existing claims that have been brought or could have been brought by Plaintiff against Defendants in the lawsuit captioned *Severino Jimenez v. 2050 Valentine Avenue LLC, et al.*, Case No. 1:22-cv-6753 (JLR)(KHP), in the United States District Court for the Southern District of New York (the "Lawsuit"), in accordance with the Parties' Settlement Agreement Term Sheet dated August 23, 2023 and attached hereto as Exhibit "A." Subject to the approval of the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.*, 24 F. 4th 804 (2d Cir. 2022), the Parties agree as follows:

    1.  **Effective Date.** The "Effective Date" of this Negotiated Settlement Agreement and General Release (the "Agreement") shall be the date on which the following events have occurred, all of which the Parties acknowledge and agree are conditions precedent to any obligation of the Defendants to pay any monies specified in paragraph 2 and its subparts below:

        1.1  Defendants' counsel receiving from Plaintiff (a) a copy of this Agreement executed by Mr. Jimenez, (b) the Stipulation and Order of Final Dismissal with Prejudice attached to this Agreement as Exhibit "B" ("Stipulation") executed by Plaintiff's counsel, and (c) IRS Forms W-9 executed by Plaintiff and Plaintiff's counsel; and

        1.2  Defendants' counsel receiving (a) notice of the Court's approval of all terms of the Agreement and (b) the Stipulation signed and entered by the Court.

    2.  **Consideration.** Defendants agree to provide Plaintiff with the total settlement sum of Forty-Five Thousand Dollars ($45,000) in consideration for the general release provided by

Plaintiff in paragraph 4 to the Releasees (as defined below) through the date of his execution of the Agreement and in full satisfaction of all claims for damages, attorneys' fees, costs, penalties, fines, other monies and non-monetary relief as set forth in the Complaints that Plaintiff asserted against the Defendants in the Lawsuit. Such payment shall be made as follows:

    2.1    Within thirty (30) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Severino Jimenez" in the amount of Fourteen Thousand One Hundred Seventeen Dollars and Eighty-One Cents ($14,117.81), less all legally required deductions, payroll taxes and withholdings, which will be itemized along with the check, as payment of claimed unpaid wages and as consideration for Plaintiff's release of all wage and hour violation claims, for which Defendants shall issue an IRS Form W-2.

    2.2    Within thirty (30) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Severino Jimenez" in the amount of Fourteen Thousand One Hundred Seventeen Dollars and Eighty-One Cents ($14,117.81), as consideration for Plaintiff's release of all other existing claims, whether or not raised in the Lawsuit, including but not limited to liquidated damages, penalties, interest and discrimination claims, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3).

    2.3    Within thirty (30) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Bell Law Group, PLLC" as and for its legal fees ($14,999.99) and disbursements ($1,764.40), in the amount of Sixteen Thousand Seven Hundred Sixty-Four Dollars and Thirty-Nine Cents ($16,764.39), which shall be reportable on IRS Form 1099 (Box 10).

    2.4    The foregoing payments set forth in paragraphs 2.1-2.3 shall be delivered to Plaintiff's counsel of record, Bell Law Group, PLLC, 116 Jackson Avenue, Syosset, New York 11791.

    2.5    **Notice of Default and Right to Cure.** In the event that any payment due as set forth in this Agreement is not issued by the close of business on the final date set forth herein for such payment, or, provided that the payment date falls on a weekend or holiday, before the close of business on the next following business day, Plaintiff's counsel shall serve a written notice ("Notice of Default") upon counsel for the Defendants, Joshua A. Druck, via email at jdruck@lawgmm.com, and Defendants shall have three (3) business days from receipt of same to cure the default by making such payment.

    2.6    **Indemnification.** Plaintiff shall be solely responsible for the payment of all local, state and federal taxes, interest, penalties and other liabilities or costs that he and his counsel are legally responsible for paying in connection with the settlement payments set forth in paragraph 2 and its subparts above. Plaintiff further agrees to indemnify and hold Releasees (as defined below) harmless if Plaintiff or his

counsel fail to make the payment of any such taxes, interest, penalties or other liabilities or costs that they are legally responsible for paying and do not pay, that may be assessed by the Internal Revenue Service, or any other taxing authority and/or any other governmental agency (whether federal, state, or local), in connection with such settlement payments, including but not limited to any failure by Plaintiff or his counsel to report to the proper taxing authorities, or any failure by Plaintiff or his counsel to pay income taxes on, the payments described in paragraph 2 and its subparts above. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement. Plaintiff further acknowledges and agrees that neither Defendants nor counsel for Defendants, have provided any advice whatsoever on the taxability of the foregoing payments to Plaintiff and his counsel.

3. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph 2 and its subparts above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

4. **General Release of Claims by Plaintiff.**

   4.1 Plaintiff voluntarily releases and forever discharges 2050 Valentine Avenue LLC and Chestnut Holdings of New York, Inc., and their respective owners, employees and affiliated companies, including but not limited to Jonathan Wiener, Ben Rieder and Fidel Herrera (collectively, the "Releasees") of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which Plaintiff may have against Releasees, whether known or unknown, asserted or unasserted, from the beginning of time up to and including the date of Plaintiff's execution of this Agreement, including but not limited to those that arise from: the facts as set forth in the Complaints; Plaintiff's employment with Defendants; the Fair Labor Standards Act, 29 U.SC. § 201 et seq.; the New York Minimum Wage Law and all wage orders; the New York Wage and Wage Payment laws, including Sections 190 et seq. of the Labor Law; Article 6 of the New York Labor Law; wage-hour, wage-payment, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy or contract (whether oral or written, express or implied); any other claim for unpaid wages, unpaid overtime, failure to issue proper wage statements and/or wage notices; claims for employment discrimination (based on age, disability, race, sex or any other basis), retaliation, wrongful termination and constructive discharge; the New York State and New York City Human Rights Laws (all as amended); claims for breach of contract, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress, multiple or punitive

      damages, costs, fees, or other expenses, including attorneys' fees; and from any other action against Releasees (collectively, the "Released Claims").

    4.2    Plaintiff agrees that he will immediately seek and obtain the dismissal of the Lawsuit and that his counsel will immediately sign and return to Defendants' counsel, Gimigliano Mauriello & Maloney, P.A., the executed Stipulation.

    4.3    Plaintiff warrants and represents that he is not involved in any other lawsuit against any of the Releasees for the claims released herein. In the event that there is any such claim or proceeding, Plaintiff shall take reasonable measures to withdraw and/or discontinue any other claim (unless such proceeding is a class action in which case Plaintiff agrees to "opt out" of the class and not to participate in the class action) against the Releasees. In the event that, for any reason, any complaint, lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding covered by this paragraph is or remains pending or is instituted on Plaintiff's behalf, Plaintiff agrees not to seek or in any way to obtain or accept any monetary award, recovery, settlement or relief therefrom for any claim released herein. Provided, however, that nothing set forth in this article and/or otherwise in this Agreement shall in any way limit, restrict, impair or otherwise restrict Plaintiff from enforcing this Agreement, including, but not limited to, filing court and/or other legal proceedings to enforce Defendants' payment obligations set forth hereinabove.

5.    **Limitations on Plaintiff's General Release**. Nothing in this Agreement restricts or prohibits anyone from (i) complying with a lawful subpoena or other legal process, or (ii) initiating communications directly with, responding to any inquiries from, providing testimony before, providing confidential information to, reporting possible violations of law or regulation to, or from filing a claim or assisting with an investigation directly with a self-regulatory authority or a government agency or entity, including the U.S. Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Department of Justice, the Securities and Exchange Commission, the United States Congress, and any agency Inspector General (collectively, the "Regulators"), or from making other disclosures that are protected under the whistleblower provisions of state or federal law or regulation. However, to the maximum extent permitted by law, Plaintiff is waiving his rights to receive any individual monetary relief from the Releasees resulting from such claims or conduct, regardless of whether Plaintiff or another party has filed them, and in the event Plaintiff obtains such monetary relief, the Releasees will be entitled to an offset or reimbursement for the payments made to Plaintiff pursuant to this Agreement. This Agreement does not limit Plaintiff's rights to receive an award from any Regulator that provides awards for providing information relating to a potential violation of law.

    6.    **Acknowledgments and Affirmations.**

        6.1    Plaintiff acknowledges and affirms that in the Lawsuit he has asserted a claim seeking unpaid wages or overtime pay under the Fair Labor Standards Act, the

> New York State Labor Law, and/or any other law, regulation or basis, and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this Agreement is fair and reasonable, and authorizes his attorneys to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Lawsuit with prejudice.

6.2   Plaintiff acknowledges and affirms that Plaintiff's employment with Defendants or any individual Defendant was at will and not pursuant to any contract, written or oral.

6.3   Plaintiff acknowledges and affirms that his employment with Defendants ended on June 21, 2021.

6.4   Plaintiff acknowledges and affirms that the payments in paragraph 2 and its subparts above are in full discharge of any and all of Releasees' alleged liabilities and obligations to Plaintiff, including but not limited to the claims asserted in the Lawsuit and any and all existing claims against Defendants for damages of any kind, whether or not raised in the Lawsuit.

6.5   Plaintiff acknowledges and affirms that the payments provided for above fully and completely settle all claims by Plaintiff and Plaintiff's counsel against Releasees for attorneys' fees, costs, disbursements and the like.

6.6   Plaintiff acknowledges and affirms that in light of this settlement and release and once payments under this Agreement are made in full, Releasees do not owe Plaintiff any monies for the Released Claims or further compensation, overtime compensation, bonus, incentive compensation, accrued vacation pay or monies of any kind.

6.7   Defendants acknowledge and affirm that they shall reasonably cooperate with obtaining approval of this Agreement by the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.*, 24 F. 4th 804 (2d Cir. 2022).

6.8   All Parties acknowledge and affirm that they discussed all material aspects of this Agreement with their respective counsel, have been fully advised by their counsel as to their rights, understand that they are waiving significant legal rights by signing this Agreement, and enter into this Agreement voluntarily, with the full understanding of the Agreement and all of its terms.

6.9   All Parties acknowledge and affirm that (a) it has the power and authority to enter into and execute this Agreement; (b) it has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or right surrendered by virtue of this Agreement; (c) this Agreement is enforceable in accordance with its

5

terms; and (d) this Agreement has been thoroughly negotiated and analyzed by its counsel and has been executed and delivered in good faith, and for good and valuable consideration.

7. **Procedure**. After this Agreement and the Stipulation are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement, Plaintiff, on behalf of the Parties, will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement, and if the Court declines to approve this Agreement, the Agreement shall be null and void, and the Parties shall be returned to their positions as if this Agreement did not exist, except that they shall operate in good faith to resolve any deficiencies with this Agreement identified by the Court in any decision or opinion declining to approve this Agreement before the Agreement shall be null and void.

8. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement thereafter be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language and Defendants' payment obligations, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **No Admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

10. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

11. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

12. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

13. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the Lawsuit and the negotiation, settlement and delivery of this Agreement.

14. **Counterparts**. This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

15. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

16. **Review and Revocation Period for Release of Age-Discrimination Claims.** Plaintiff hereby acknowledges that:

   16.1 Plaintiff already has attained the age of 40 and understands that this is a full release of all existing claims, whether known or unknown, including, but not limited to, claims for age discrimination under the Age Discrimination in Employment Act.

   16.2 Plaintiff has read and understands this Agreement and signed this Agreement voluntarily. He acknowledges that the Agreement is written in a language that he can read and understand. He further acknowledges that he has been advised to consult with an attorney of his choice before signing this Agreement, in which he waives important rights, including those under the Age Discrimination in Employment Act.

   16.3 By executing this Agreement, Plaintiff has been afforded at least twenty-one (21) calendar days to consider the contents, meaning and effect of this Agreement, as well as alternatives to signing this Agreement, and did not sign the Agreement until after expiration of that 21-day period. He agrees that the 21-day consideration period began on the date this Agreement was first delivered to him and that the 21-day consideration period shall not be restarted and shall continue without interruption if the Defendants change any of the terms of the offer contained in this Agreement, whether or not the changes are material.

   16.4 Plaintiff understands that the releases contained in this Agreement do not extend to any rights or claims that he may have under the Age Discrimination in Employment Act that first arise after execution of this Agreement.

   16.5 Plaintiff understands that he may revoke this Agreement for a period of seven (7) calendar days following the date he executes this Agreement. Any revocation during this period must be submitted in writing and must be delivered to Defendants c/o Joshua A. Druck, via email at jdruck@lawgmm.com, within seven (7) calendar days of Plaintiff's execution of this Agreement. If the last day of the revocation period falls on a Sunday or legal holiday, then the revocation period shall not expire until the next day that is not a Sunday or legal holiday. The foregoing

notwithstanding, this Agreement shall not become effective and enforceable until the 7-day revocation period has expired. Plaintiff understands that seven (7) calendar days after the date of execution of this Agreement, the Agreement shall become effective and, as of that date, Plaintiff may not change his decision or seek any other remuneration in any form.

16.6 It is understood that, notwithstanding any other provision of this Agreement, the revocation of this Agreement by Plaintiff is a proper basis for revocation of the Agreement by Defendants and Releasees as the non-revoking party or parties.

17. The parties agree that this Agreement may be used as evidence only in a subsequent proceeding in which Defendants or Plaintiff allege breach of this Agreement or challenge the validity of the Agreement.

18. **Severability and Modification**. If any provision of this Agreement is declared illegal or unenforceable by this Court, Plaintiff and Defendants agree that this Court has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so.

19. **Competency to Waive Claims**. At the time of considering or executing this Agreement, the Parties were not affected or impaired by illness, use of alcohol, drugs, or other substances or otherwise impaired. All Parties are competent to execute this Agreement.

20. Plaintiff affirms that he has carefully read, or had translated to him verbatim in his primary language, the entirety of this Agreement and he fully understands all of the provisions contained in it. To the extent there is any conflict or discrepancy between this Agreement and any translation of this Agreement, the English language (i.e., this Agreement) shall control.

**PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AS SET FORTH HEREIN, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ALL EXISTING CLAIMS THAT PLAINTIFF MAY HAVE AGAINST DEFENDANTS, WHETHER OR NOT RAISED IN THE LAWSUIT, INCLUDING ALL CLAIMS ARISING UNDER ALL FEDERAL, STATE AND/OR LOCAL LAWS.**

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES AND AFFIRMS THAT HE IS COMPETENT TO ENTER INTO THIS AGREEMENT, THAT HE HAS BEEN AFFORDED TWENTY-ONE (21) DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND HAS BEEN ADVISED TO DO SO WITH AN ATTORNEY OF HIS CHOICE, THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE MADE TO THIS AGREEMENT DO NOT RESTART THE ORIGINAL 21-CALENDAR-DAY CONSIDERATION PERIOD, THAT HE HAS READ AND UNDERSTANDS AND ACCEPTS THAT THE RELEASE HEREIN WILL FULLY AND FINALLY WAIVE AND RELEASE THE CLAIMS SET FORTH HEREIN, THAT NO REPRESENTATIONS, PROMISES OR INDUCEMENTS HAVE BEEN MADE TO HIM EXCEPT AS SET FORTH IN THIS AGREEMENT, THAT THIS AGREEMENT IS WRITTEN IN A MANNER AND A LANGUAGE THAT IS UNDERSTANDABLE TO HIM, AND THAT**

**HE HAS SIGNED THIS AGREEMENT FREELY AND VOLUNTARILY, INTENDING TO BE LEGALLY BOUND BY ITS TERMS, WITHOUT ANY DURESS OR COERCION, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.**

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement and General Release as of the date set forth below:

DATED: __9/10__, 2023       By: _Severino Jimenez_ (signature)
                                                     Severino Jimenez
                                                     Plaintiff

DATED: _____, 2023       By: _____
                                                     Authorized Representative
                                                     Chestnut Holdings of New York, Inc.
                                                     Defendant

DATED: _____, 2023       By: _____
                                                     Authorized Representative
                                                     2050 Valentine Avenue LLC
                                                     Defendant

DATED: _____, 2023       By: _____
                                                     Jonathan Wiener
                                                     Defendant

DATED: _____, 2023       By: _____
                                                     Ben Rieder
                                                     Defendant

DATED: _____, 2023       By: _____
                                                     Fidel Herrera
                                                     Defendant

**HE HAS SIGNED THIS AGREEMENT FREELY AND VOLUNTARILY, INTENDING TO BE LEGALLY BOUND BY ITS TERMS, WITHOUT ANY DURESS OR COERCION, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.**

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement and General Release as of the date set forth below:

DATED: _____, 2023        By: _____
                                      Severino Jimenez
                                      Plaintiff

DATED: OCTOBER 9, 2023           By: _____
                                      Authorized Representative
                                      Chestnut Holdings of New York, Inc.
                                      Defendant

DATED: OCTOBER 9, 2023           By: _____
                                      Authorized Representative
                                      2050 Valentine Avenue LLC
                                      Defendant

DATED: October 9, 2023           By: _____
                                      Jonathan Wiener
                                      Defendant

DATED: OCTOBER 9, 2023           By: _____
                                      Ben Rieder
                                      Defendant

DATED: October 9, 2023           By: _____
                                      Fidel Herrera
                                      Defendant

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEVERINO JIMENEZ,<br><br>Plaintiff,<br><br>-against-<br><br>2050 VALENTINE AVENUE LLC,<br>CHESTNUT HOLDINGS OF NEW YORK,<br>INC., JONATHAN WIENER, BEN RIEDER<br>and FIDEL HERERRA,<br><br>Defendants. | Civil Action No.: 1:22-cv-6753-JLR-KHP<br><br>STIPULATION AND ORDER OF FINAL<br>DISMISSAL WITH PREJUDICE |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys of record for the parties to the above-entitled action, that the Negotiated Settlement Agreement and General Release in this matter having been reviewed by the Court and found to be fair and reasonable, that the above-captioned action and all claims therein shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and General Release, provided, however, that the United States District Court for the Southern District of New York shall retain continuing jurisdiction to enforce and interpret the parties' settlement agreement; and

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts, and that a facsimile or electronic signature on this Stipulation shall have the same force and effect as an original signature.

| | |
|---|---|
| BELL LAW GROUP, PLLC<br>*Attorneys for Plaintiff* | GIMIGLIANO MAURIELLO &<br>MALONEY, P.A.<br>*Attorneys for Defendants* |
| By: *[signature]*<br>Matthew Madzelan, Esq.<br>116 Jackson Avenue<br>Syosset, New York 11791<br>(516) 280-3008<br>Matthew.m@belllg.com<br><br>Attorneys for Plaintiff<br>Severino Jimenez | By: *[signature]*<br>Robert W. Mauriello, Jr., Esq.<br>Joshua A. Druck, Esq.<br>163 Madison Avenue, Suite 500<br>P. O. Box 1449<br>Morristown, New Jersey 07962-1449<br>(973) 946-8360<br>rmauriello@lawgmm.com<br>jdruck@lawgmm.com<br><br>16 West 22nd Street, 10th Floor<br>New York, New York 10010<br>(646) 859-5800<br><br>Attorneys for Defendants<br>2050 Valentine Avenue LLC,<br>Chestnut Holdings of New York, Inc.,<br>Jonathan Wiener, Ben Rieder and<br>Fidel Herrera |
| Dated: ~~September~~ 10/11/2023 | Dated: ~~September~~ October 11, 2023 |

SO ORDERED on this _____ day of _____, 2023.

_____
Hon. Katharine H. Parker
United States Magistrate Judge